UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 JUL 21  P 3: 26

U.S. DISTRICT COURT
BRIDGEPORT, CT

UNITED STATES OF AMERICA,

        Plaintiff,

-vs-                                CASE NO.: 3:01-CR00162-SRU

HECTOR DARIO PUERTA,

        Defendant.

### MOTION FOR RETURN OF PERSONAL PROPERTY

COMES NOW the Defendant, **HECTOR DARIO PUERTA**, in propria personam, sui juris, acting as his own counsel, pursuant to Federal Rule of Criminal Procedure 41(e) and files this his Motion for Return of Personal Property. In support of which he states as follows:

1. On November 14, 2002, the Defendant was arrested by agents of the Drug Enforcement Administration.

2. Incident to the Defendant's arrest agents seized various items of the Defendant's personal property. (Ex. A).

3. On March 20, 2003, the Defendant was sentenced to a 121 month term of incarceration.

4. The criminal proceedings in this matter have been concluded and the Defendant is entitled to the return of his personal property.

5. The Defendant respectfully request that this Honorable Court issue an order directing the Plaintiff to return the

-1-

Defendant's personal property, including but not limited to:

| | |
|---|---|
| 1 - Motorola Pager | 1 - Sprint cellphone |
| 1 - Blue photo album | 1 - Green photo album |
| 1 - Black Wallet | 3 - Colombian ID cards |
| 1 - Colombian Military ID | 2 - Colombian Driver's License |
| 2 - Colombian Passports | 5 - N.Y. Motor Vehicle ID's. |
| 4 - passport sized photos | 1 - Blood Donor card |
| 1 - Business Card | 1 - N.Y. DMV receipt |
| 1 - Manilla envelope | 1 - Blue plastic pouch |
| $4,880.00 in U.S. currency. | |

**WHEREFORE**, the Defendant respectfully request that this Honorable Court grant the instant motion and order the Plaintiff to return to Defendant his personal property.

Respectfully submitted,

*(signature)*

Hector Dario Puerta
Reg. #14481-014
FCI Elkton
P.O. Box 10
Lisbon OH 44432
(330) 424-7448

### CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that a true and correct copy of the foregoing has been forwarded, by U.S. mail, postage prepaid, to: R. Appleton, AUSA, 915 Lafayette Blvd. Room 309, Bridgeport, CT, 06604, on this the 15th day of July, 2005.

*(signature)*

Hector Dario Puerta

U.S. Department of Justice
Drug Enforcement Administration

# REPORT OF INVESTIGATION

Page 1 of 5

| 1. Program Code<br>HID-100 | 2. Cross File | Related Files | 3. File No. ▮▮▮ | 4. G-DEP Identifier ▮▮▮ |
|---|---|---|---|---|
| 5. By: TFA David Simpson<br>At: Bridgeport R.O. | ☐<br>☐<br>☐<br>☐ | | 6. File Title ▮▮▮ | |
| 7. ☐ Closed ☐ Requested Action Completed<br>☐ Action Requested By: | ☐ | | 8. Date Prepared<br>11/19/01 | |

9. Other Officers: See below.

10. Report Re: Arrest of Hector Dario PUERTA and Aquisition of Exhibits 11, N-72, N-73, N-74, N-75, N-76, N-77, N-78, and N-81 on 11-14-01 in West New York, New Jersey.

## SYNOPSIS

On November 14, 2001, at approximately 6:00 a.m., members of the DEA Bridgeport HIDTA Task Force and the New Jersey Field Division Task Force Group 2 executed a federal arrest warrant for Hector Dario PUERTA at his residence located at #118 59th Street, West New York, New Jersey. A subsequent consent search of the residence yielded the seizure of evidence.

## DETAILS

1. The following agents participated in executing a federal arrest warrant for Hector Dario PUERTA : DEA New Jersey Field Division Agents - G/S Robert Smith, S/A Greg Hilton, S/A Steve Casey, TFA Mo Miranda, TFA Brian Marczewski, TFA Richard Ricco, TFA Ryan Curving, TFA James Parker, TFA George Trillhaase, TFA Micael Lalley, TFA Sgt. Ken Sisk, TFA Edgardo Cruz. DEA Bridgeport Agents - S/A Joseph Benson, TFA David Simpson.

2. On November 14, 2001, at approximately 5:00 a.m., the above named agents met at a prearranged location in order to execute a federal arrest warrant for Hector Dario PUERTA at #118 59th Street, West New York, New Jersey, PUERTA'S residence. At approximately 6:00 a.m., the above agents arrived at #118 59th Street, a two story one family residence. All agents were wearing clearly identifiable DEA Raid Jackets. Per G/S Smith, agents knocked on the door and rang the front doorbell. Approximately one minute later, PUERTA parted, opened and peeked through the curtains on the

| 11. Distribution:<br>Division HQS, SARI, DOS<br>District<br>Other | 12. Signature (Agent)<br>TFA David Simpson  /s/ D Simpson<br>14. Approved (Name and Title)<br>Keith Kruskall  /s/ Kruskall<br>Group Supervisor | 13. Date<br>11-19-2001<br>15. Date<br>11/19/01 |
|---|---|---|

DEA Form - 6
(Jul. 1996)
   DS
3 - Originating Office

DEA SENSITIVE
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

IN CAST

Previous edition dated 8/94 may be used.

U.S. Department of Justice
Drug Enforcement Administration

# REPORT OF INVESTIGATION
*(Continuation)*

| | |
|---|---|
| 1. File No. ▓▓▓▓ | 2. G-DEP Identifier ▓▓▓▓ |
| 3. File Title ▓▓▓▓ | |

4.
Page  2  of  5

5. Program Code
HID-100

6. Date Prepared
11/19/01

downstairs front window which overlooked the front porch and sidewalk where agents were standing. S/A Benson identified us to PUERTA in Spanish as being the police, and further told PUERTA in Spanish to open the front door. PUERTA then closed the curtains. After approximately 15 seconds, PUERTA did not open the front door. At this point, the "ram" was used to force open the front door. After entering, agents continually yelled "police". TFA Mo Miranda, one of the first agents through the door, saw PUERTA standing in the living room in his underwear holding something in his hands. Despite the fact that PUERTA was continually told to "freeze", he bolted down the hallway towards the rear of the house with the item in hand, and subsequently ducked into the bathroom. PUERTA then quickly emerged from the bathroom with his back turned towards the agents pursuing him, in a semi-crouched position, and began turning around towards agents pursuing him. PUERTA was again told to "freeze" and to lie down on the floor. On this warning, PUERTA complied and was handcuffed and placed under arrest. PUERTA, in addition to not having any weapons in his possession, did not have the previous item he went into the bathroom with. TFA Mo Miranda, upon checking the bathroom in which PUERTA ran into, found a clear knotted plastic baggie containing a white powdery substance, believed to be cocaine (exhibit# 11), concealed in the waste paper bucket in the bathroom. TFA Mo Miranda turned over exhibit 11 to S/A Benson.

3. As PUERTA was being secured, S/A Benson and TFA Simpson went to secure the upstairs section of the residence. In the upstairs bedrooms S/A Benson and TFA Simpson found PUERTA's wife, Omaira Nanegos LUZ and one child in the master bedroom, and three additional young children in another bedroom. After LUZ and the children were secured, S/A Benson went back downstairs to the kitchen where PUERTA was being detained. After being read his Miranda Warnings in Spanish by TFA Edgardo Cruz, PUERTA was asked in Spanish by TFA Cruz if he would give and sign a voluntary consent to waive presentment in New Jersey, which PUERTA agreed to and signed. TFA Cruz also asked PUERTA in Spanish if he would give and sign a voluntary consent giving agents authority to search the residence. PUERTA agreed and signed a DEA Form 88 (In Spanish) consenting to the search. The original signed waiver of presentment and DEA Form 88 Consent to Search were submitted into DEA evidence as Exhibit N-81. Agents then conducted a search of the residence. During the course of the search, agents found a total of $4,880.00 in U.S. currency. Out of the $4,880.00 that was found,

DEA Form  - 6a
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

3 - Originating Office

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

U.S. Department of Justice
Drug Enforcement Administration

# REPORT OF INVESTIGATION
*(Continuation)*

| 1. File No. | 2. G-DEP Identifier |
|---|---|
| [redacted] | [redacted] |

| 3. File Title |
|---|
| [redacted] |

| 4. Page 3 of 5 | |
|---|---|
| 5. Program Code  HID-100 | 6. Date Prepared  11/19/01 |

TFA Trillhaase located $2,760.00 in a small safe in the master bedroom, while S/A Casey located $2,120.00 in a kitchen drawer. Both TFA Trillhaase and S/A Casey turned over the money to S/A Zivkovic who transported the money to the New Jersey Field Division for federal asset forfeiture proceedings.

4. In addition to the money, Agents seized other evidence. A Motorola Pager (black) and one Sprint cell phone (silver) was seized from an upstairs bedroom by TFA Brian Marczewski and designated as Exhibit N-72. Two photo albums (one green and one blue) were seized from the downstairs living room by S/A Mike Zivkovic and designated as Exhibit N-73. A Nokia cell phone (grey) was seized from the downstairs living room by TFA Brian Marczewski and designated as Exhibit N-74. Four money transfer receipts from Girosol Corp, one black wallet with contents, and one money transfer receipt from Pronto Envios Corp. were seized from the downstairs living room by TFA Sgt. Ken Sisk and designated as Exhibit N-75. Miscellaneous documents which include three Colombian ID cards, one Colombian Military ID card, two Colombian drivers license, two Colombian passports, five New York Motor Vehicle ID and permit documents, four passport sized photographs, one blood donor ID card, one business card, one New York DMV receipt, one small manila envelope, and one blue plastic pouch were seized from a kitchen drawer by TFA Sgt. Ken Sisk and designated as Exhibit N-76. A journal / ledger containing suspected drug records was seized from a kitchen drawer by S/A Steve Casey and designated as Exhibit N-77. One Verison cell phone billing statement was seized from a bookshelf in the downstairs living room by G/S Robert Smith and designated as Exhibit N-78. A voluntary waiver of presentment in New Jersey signed by PUERTA and a DEA Form 88 (voluntary consent to search form in Spanish) signed by PUERTA were seized by S/A Benson. TFA Simpson took custody of the above-listed evidence at the scene and submitted the evidence to the Non Drug Evidence Custodian at DEA Bridgeport Connecticut.

5. S/A Benson and TFA Simpson transported Hector Dario PUERTA to the Bridgeport Federal CourtHouse. PUERTA was then presented before U.S. Magistrate Judge Holly Fitzsimmons. Once presented, PUERTA was ordered detained and placed in the custody of the U.S. Marshals Service.

DEA Form    - 6a
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

**3 - Originating Office**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

U.S. Department of Justice
Drug Enforcement Administration

| **REPORT OF INVESTIGATION**<br>*(Continuation)* | 1. File No.<br>██████ | 2. G-DEP Identifier<br>██████ |
|---|---|---|
| | 3. File Title ██████ | |
| 4.<br>Page 4 of 5 | | |
| 5. Program Code<br>HID-100 | 6. Date Prepared<br>11/19/01 | |

### CUSTODY OF EVIDENCE

Exhibit 11 is a white powdery substance contained within a clear knotted plastic baggie. Exhibit 11 was seized by DEA New Jersey Field Division TFA Mo Miranda pursuant to the arrest of Hector Dario PUERTA on 11/14/01 at 118 59th Street, West New York, New Jersey. TFA Miranda turned the Exhibit over to S/A Joseph Benson, who transported the Exhibit to the Bridgeport Resident Office accompanied by TFA Dave Simpson. S/A Benson then field-tested the Exhibit for the presence of cocaine with positive results, as witnessed by TFA Simpson. S/A Benson initialed, dated, sealed and secured the Exhibit in the DEA Bridgeport drug vault pending submission to the Northeast Regional Laboratory for analysis and safekeeping.

Exhibit N-72: Is one Motorola Pager (black) and one Sprint cell phone (silver). Exhibit N-72 was seized on 11/14/01 from an upstairs bedroom by TFA Brian Marczewski. TFA Simpson then took custody of exhibit N-72 and transported the exhibit to the Bridgeport Resident Office where it was sealed and secured until transferred to the Non-Drug Evidence Custodian.

Exhibit N-73: Are two photo albums (one green and one blue) that were seized on 11/14/01 from the downstairs living room by S/A Mike Zivkovic. TFA Simpson then took custody of exhibit N-73 and transported the exhibit to the Bridgeport Resident Office where it was sealed and secured until transferred to the Non-Drug Evidence Custodian.

Exhibit N-74: Is one Nokia cell phone (grey). Exhibit N-74 was seized on 11/14/01 from the downstairs living room by TFA Brian Marczewski. TFA Simpson then took custody of exhibit N-74 and transported the exhibit to the Bridgeport Resident Office where it was sealed and secured until transferred to the Non Drug Evidence Custodian.

Exhibit N-75: Are four money transfer receipts from Girosol Corp, one black wallet with contents, and one money transfer receipt from Pronto Envios Corp. Exhibit N-75 was seized on 11/14/01 from the downstairs living room by TFA Sgt. Ken Sisk. TFA Simpson then took custody of exhibit N-75 and transported the exhibit to the Bridgeport Resident Office where

DEA Form - 6a
(Jul. 1996)

**DEA SENSITIVE**
**Drug Enforcement Administration**

**3 - Originating Office**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

U.S. Department of Justice
Drug Enforcement Administration

| REPORT OF INVESTIGATION<br>(Continuation) | 1. File No. ▮ | 2. G-DEP Identifier ▮ |
|---|---|---|
| | 3. File Title ▮ | |
| 4. Page 5 of 5 | | |
| 5. Program Code<br>HID-100 | 6. Date Prepared<br>11/19/01 | |

it was sealed and secured until transferred to the Non-Drug Evidence Custodian.

Exhibit N-76: Are miscellaneous documents which include three Colombian ID cards, one Colombian Military ID card, two Colombian drivers license, two Colombian passports, five New York Motor Vehicle ID and permit documents, four passport sized photographs, one blood donor ID card, one business card, one New York DMV receipt, one small manila envelope, and one blue plastic pouch. Exhibit N-76 was seized on 11/14/01 from a kitchen drawer by TFA Sgt. Ken Sisk. TFA Simpson then took custody of exhibit N-76 and transported the exhibit to the Bridgeport Resident Office where it was sealed and secured until transferred to the Non-Drug Evidence Custodian.

Exhibit N-77: Is a journal / ledger containing suspected drug records. Exhibit N-77 was seized on 11/14/01 from a kitchen drawer by S/A Steve Casey. TFA Simpson then took custody of exhibit N-77 and transported the exhibit to the Bridgeport Resident Office where it was sealed and secured until transferred to the Non-Drug Evidence Custodian.

Exhibit N-78: Is one Verison cell phone billing statement. Exhibit N-78 was seized on 11/14/01 from a bookshelf in the downstairs living room by G/S Robert Smith. TFA Simpson then took custody of exhibit N-78 and transported the exhibit to the Bridgeport Resident Office where it was sealed and secured until transferred to the Non-Drug Evidence Custodian.

Exhibit N-81: Is voluntary consent to waive presentment in New Jersey signed by PUERTA on 11/14/2001, and a DEA Form 88 (voluntary consent waiver in Spanish) giving agents authority to search the residence, signed by PUERTA on 11/14/2001. Exhibit N-81 was seized on 11/14/01 by S/A Benson. TFA Simpson then took custody of exhibit N-81 and transported the exhibit to the Bridgeport Resident Office where it was sealed and secured until transferred to the Non-Drug Evidence Custodian.

**INDEXING**

LUZ, Omaira Nanegos -  wife of Hector Dario PUERTA.
PUERTA, Hector Dario - ▮

DEA Form - 6a
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

3 - Originating Office

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.