UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:01cr162 (SRU) |
| DARIO PUERTA | |

## RULING AND ORDER REGARDING *CROSBY* REMAND

Dario Puerta pleaded guilty to a charge of conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846. On March 20, 2003, I sentenced Puerta principally to 121 months' imprisonment. Puerta appealed. On October 14, 2004, the United States Court of Appeals for the Second Circuit summarily affirmed. By mandate issued on December 28, 2005, the Court of Appeals remanded the case for proceedings consistent with *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).

Following remand, I solicited briefing from the parties. I have reviewed the parties' briefs, the motions filed by the defendant pro se on September 5, 2003 and November 3, 2003, the Presentence Report, and the transcript of the sentencing hearing on March 20, 2003. Based upon that review, I have decided that I would not have sentenced Puerta to a non-trivially different sentence had the Sentencing Guidelines been advisory at the time of his initial sentencing.

My decision is based upon two principal facts. First, at the initial sentencing, I accepted the parties' stipulation that Puerta was a manager or supervisor within the meaning of U.S.S.G. § 3B1.1(b). Accordingly, Puerta was not eligible for safety valve consideration and was subject to a ten-year mandatory minimum. The sentence imposed was not materially different, therefore, than the lowest sentence that I could impose under the law. Second, I weighed the factors set

forth in 18 U.S.C. § 3553(a) when deciding upon the sentence imposed. *See* Sentencing Tr. at 40 (Mar. 20, 2003) ("I . . . want to assure you that all of the factors that I'm required to consider under the law I have considered."). I did not elaborate on the reasons for the sentence because it was at the bottom of the Sentencing Guidelines range and very close to the mandatory minimum sentence. The sentence imposed, however, reflects the need to punish a serious offense, the need to deter both Puerta and others from committing this type of crime, and the goal of rehabilitation, while also reflecting the fact that this was Puerta's first conviction.

These are the same facts that would have led me to impose a sentence not trivially different than 121 months' imprisonment had I been able to sentence Puerta under an advisory Sentencing Guideline scheme in March 2003.

Accordingly, I decline to resentence Puerta.


Entered at Bridgeport, Connecticut, this 31st day of October 2006.


/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge